IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GRAHAM SCHIFF, | * | |
|     *Plaintiff*, | * | |
| v. | * | No. 1:23-cv-01376-JMC |
| ANTHONY BROWN, | * | |
|     *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Graham Schiff filed a lawsuit challenging the constitutionality of § 9-305 of the Criminal Law Article. Mr. Schiff's facial challenge fails to satisfy the high bar required, and the complaint should be dismissed with prejudice.

### BACKGROUND

**The Statutory Crime Now Codified in § 9-305 of the Criminal Law Article Has Existed Since Before the Civil War**

The precursor to the challenged statute was originally passed in 1853, which stated "[t]hat is any person or persons shall corruptly, or by threats of force, endeavor to influence, intimidate or impede any juror, witness or officer in any court of this State, in the discharge of his duty, or shall corruptly or by threats of force, obstruct or impede, or endeavor to obstruct or impede the due administration of justice therein . . . ." *See* 1853 Md. Laws ch. 450 § 2; *see also Tracy v. State*, 423 Md. 1, 13 & n.1 (2011). In the 170 years since its enactment, the statute "has been recodified without any substantial changes." *Tracy*, 423 Md. at 13 & n.2.

The statute was first codified in Maryland's modern form of collecting statutes in 2002. 2002 Md. Laws ch. 26 (H.B. 11). It has only been amended twice since that enactment. 2005 Md. Laws ch. 461 (S.B. 122); 2018 Md. Laws ch. 145 (S.B. 1137). Relevant here, the 2005 amendment added "an officer of a court of . . . the United States in the performance of the persons' official duties" to the list of persons one cannot "by threat, force, or corrupt means, try to influence, intimidate, or impede . . . ." 2005 Md. Laws. ch. 461 (S.B. 122).

Because this is a facial challenge, the statute—as it is written today—says in relevant part:

> (a) *Prohibited.* — A person may not, by threat, force, or corrupt means, try to influence, intimidate, or impede a juror, a witness, or an officer of the court of the State or of the United States in the performance of the persons' official duties.
>
> (b) *Solicitation prohibited.* — A person may not solicit another person to, by threat, force, or corrupt means, try to influence, intimidate, or impede a juror, a witness, or an officer of the court of the State or of the United States in the performance of the persons' official duties.

Md. Code Ann., Crim. Law § 9-305(a), (b) (LexisNexis 2021). A review of the legislative history reveals that this statute is designed to protect the administration of justice and, at least as of the 2005 amendment, this was a particularly rampant problem in Baltimore City. 2005 Fiscal & Policy Note (S.B. 122).

**Mr. Schiff's Allegations**

Mr. Schiff asserts facial challenges to the law on three theories. First, he alleges that the law is facially overbroad in violation of the First Amendment because the use of the words "threat," "intimidate," "corrupt means," and "influence" in the statute

2

criminalize a "wide range of constitutionally protected activity." ECF 1, ¶¶ 9-34, 39. Second, Mr. Schiff alleges that the words "corrupt means" and "influence" violate the Due Process Clause of the Fourteenth Amendment because they are vague. ECF 1, ¶¶ 24-34, 39. Finally, Mr. Schiff argues that the statute is "jurisdictionally invalid" because of its inclusion of "an officer of the court . . . of the United States in the performance of the persons' official duties." ECF 1, ¶¶ 35-39.

## ARGUMENT

I. **LEGAL STANDARD**

**Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations "must be enough to raise a right to relief above the speculative level." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 71 (4th Cir. 2016) (citation omitted). Although this Court is required to "'take the facts in the light most favorable to the plaintiff,'" this Court "need not accept legal conclusions couched as facts or 'unwarranted inferences, unreasonable conclusions, or arguments.'" *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (citation omitted). Nor may this Court credit "'naked assertions devoid of further factual enhancement.'" *United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

3

**Facial Challenges to Statutes**

"A plaintiff can only succeed in a facial challenge [to the constitutionality of a statute] by establishing that no set of circumstances exists under which the Act would be valid, i.e., that the law is unconstitutional in all of its applications." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008). "[A] facial challenge is ineffective if the statute has a 'plainly legitimate sweep.'" *Martin v. Lloyd*, 700 F.3d 132, 135 (4th Cir. 2012). Indeed, a facial challenge will not succeed when the statute "is surely valid 'in the vast majority of its intended applications.'" *Hill v. Colorado*, 530 U.S. 730, 733 (2000) (citations omitted).

Facial challenges exact a particularly demanding standard because it is the "most difficult challenge to mount successfully." *United States v. Salerno*, 481 U.S. 739, 745 (1987). "Facial challenges are disfavored for several reasons." *Washington State Grange*, 552 U.S. at 450. The Court disfavors facial challenges "because they 'often rest on speculation,' can lead courts unnecessarily to anticipate constitutional questions or formulate broad constitutional rules, and may prevent government officers from implementing laws 'in a manner consistent with the Constitution.'" *Fusaro v. Howard*, 19 F.4th 357, 373 (4th Cir. 2021) (quoting *Washington State Grange*, 552 U.S. at 450-51).

**II.  MR. SCHIFF'S FACIAL CHALLENGE ON FIRST AMENDMENT OVERBREADTH GROUNDS FAILS BECAUSE PROTECTED SPEECH IS NOT IMPACTED BY THE STATUTE AND, EVEN IF IT WAS, THE STATUTE DOES NOT IMPACT A SUBSTANTIAL AMOUNT OF PROTECTED SPEECH.**

Mr. Schiff alleges that the words "threat," "intimidation," "corrupt means," and "influence" are overbroad because they might criminalize "a wide range of constitutionally protected activity." ECF 1, ¶ 21; *see also* ECF 1, ¶¶ 16-17, 23, 30, 29, 34.

Under the First Amendment, "a statute is facially invalid if it prohibits a substantial amount of protected speech." *United States v. Williams*, 553 U.S. 285, 292 (2008). Courts are to balance that "the threat of enforcement of an overbroad law" could deter "people from engaging in constitutionally protected speech" against the reality that "invalidating a law that in some of its applications is perfectly constitutional—particularly a law directed at conduct so antisocial that is has been made criminal—has obvious harmful effects." *Id.*

The Supreme Court has recognized that "the overbreadth doctrine is 'strong medicine' and have employed it with hesitation, and then 'only as a last resort.'" *New York v. Ferber*, 458 U.S. 747, 769 (1982) (citation omitted). The Court explained that "where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Id.* (citation omitted). But the Court does not "apply the 'strong medicine' of overbreadth analysis where the parties fail to describe the instances of arguable overbreadth of the contested law." *Washington State Grange*, 552 U.S. at n.6 (citation and quotation omitted).

### A. The Four Terms Challenged by Mr. Schiff Do Not Raise First Amendment Concerns.

As a threshold matter, Mr. Schiff fails to state a claim because the words that he targets in his lawsuit are not protected by the First Amendment. "The Supreme Court and [the Fourth Circuit] have consistently recognized the principle that threatening speech is not protected by the Constitution." *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 691 (4th Cir. 2018) (citations omitted). "Intimidation" has been held to be a kind of "true threat," *see Virginia v. Black*, 538 U.S. 343, 360 (2003), which, as noted above, is not protected by the First Amendment. "A prohibition against corrupt acts does not proscribe constitutionally protected speech and is clearly limited to unprotected activity." *United States v. Benson*, 104 F.3d 1267, 1280 n.6 (11th Cir. 1997); *see also United States v. Caldwell*, 581 F.Supp.3d 1, 34 (D.D.C. 2021). The statute challenged here prohibits someone from "influenc[ing] . . . a juror, a witness, or an officer of the court of the State or of the United States *in the performance of the persons' official duties*." Crim. Law § 9-305 (emphasis added). While there is a right to argue your position in an attempt to persuade a jury or court in a case where you are the party, there is no First Amendment right to influence juries, witnesses, or the court outside of official proceedings with an intent to affect those official duties. *Pennekamp v. Florida*, 328 U.S. 331, 366 (1946) (Frankfurter, J. concurring) ("In securing freedom of speech, the Constitution hardly meant to create the right to influence judges and juries. That is no more freedom of speech than stuffing a ballot box is an exercise of the right to vote."). This is, in part, because "[d]ue process requires that the accused receive a trial by an impartial jury *free from outside*

6

*influences.*" *Sheppard v. Maxwell*, 384 U.S. 333, 362 (1966) (emphasis added). Indeed, our justice system requires "that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside *influence* . . . ." *Id.* at 351 (emphasis added) (internal citation and quotation omitted).

Although the decision is unreported,[1] the Appellate Court of Maryland recently considered the constitutionality of this statute as it relates to Article 40 of the Maryland Declaration of Rights, which is read in pari materia with the First Amendment. *Rovin v. State*, No. 198, Sept. Term, 2022, 2023 WL 4855950 (App. Ct. Md. July 31, 2023), *available at* https://mdcourts.gov/sites/default/files/unreported-opinions/0198s22.pdf; *see also Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 468 n.3 (4th Cir. 2012) ("Article 40 is 'co-extensive' with the First Amendment, and is construed *in pari materia* with it."). The court held that the statute has existed "for well over 150 years. In that time, no appellate court has ruled that the prohibition infringes protected speech. And this is unsurprising because attempts to undermine the jury process through threats or other means are far removed from values of persuasion, dialogue, and free exchange of ideas that would support protecting speech." *Rovin*, 2023 WL at *25. The Appellate Court of Maryland "was not persuaded . . . that [Crim. Law § 9-305] is unconstitutional, either facially or as applied here." *Id.* at *26.

---

[1] The Maryland Rules were recently changes and the decision in *Rovin*, which was issued after July 1, 2023, "may be cited for its persuasive value only if no reported authority adequately addresses the issue before the court." Md. Rule 1-104(a)(2)(B).

Because the facial challenge does not implicate speech protected by the First Amendment Mr. Schiff has failed to state a claim upon which relief can be granted and his claim should be dismissed with prejudice.

### B. To the Extent Any of the Four Terms Implicate the First Amendment, The Statute is Not Overbroad.

To the extent this Court is persuaded that the statute could implicate protected speech, the challenged language from the statute is not overbroad as a matter of law.

**Threat**

A true threat, which is not protected speech, "encompasses those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003). A true threat is not constitutionally protected speech, but determining whether a statement constitutes a true threat can be a question for a trier of fact. *Abbott v. State*, 190 Md. App. 595, 619-20 (2010) (citing *United States v. Roberts*, 915 F.3d 889, 891 (4th Cir. 1990)).

The Fourth Circuit has considered an overbroad challenge to a federal statute prohibiting the mailing of threatening communications. *United States v. Maxton*, 940 F.2d 103 (4th Cir. 1991). The Court recognized that for a threatening communication to fall under the statute, it must encompass a "true threat" and that if "an ordinary, reasonable recipient who is familiar with the context of the letter would interpret it as a threat of injury," then it could be submitted to the jury. *Id.* at 106 (internal citations and quotations omitted). The Court reviewed the statute in light of the overbreadth doctrine and

concluded—in an as-applied challenge—that the statute was not overbroad because it "makes illegal little, if any, constitutionally protected speech, much less a substantial amount." *Id.* (citation omitted).

### Intimidation

"Intimidation in the constitutionally proscribable sense of the word is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear or bodily harm or death." *Virginia*, 538 U.S. at 360. In a case challenging a statute that made it a crime to intimidate crew members on an aircraft in such a way that it interferes with their duties, the defendant argued that the statute was overbroad because it included profane speech, which would interfere with protected speech. *United States v. Hicks*, 980 F.2d 963, 968 (5th Cir. 1992). The Fifth Circuit considered the issue and assumed that the statute could chill profane and vulgar speech, but also "non-profane invective;" and, in so doing, the Fifth Circuit "observe[d] that the statute's potential to criminalize such speech is too insubstantial to permit an overbreadth challenge." *Id.* at 969-70 & n.7.

### Corrupt Means

"Corrupt means" has been held to mean "'acting with corrupt intent,' including what may seem otherwise benevolent or lawful actions but done with the intent 'to preclude another person from testifying.'" *Matter of McCloy*, 257 Md. App. 668, 695-96 (2023) (quoting *State v. Wilson*, 471 Md. 136, 168 (2020)). The Eleventh Circuit considered an overbreadth challenge to the federal statutory crime for tampering with a witness, victim, or informant, *see* 18 U.S.C. § 1512, and concluded that it agreed "with the Second Circuit

9

that 'corrupt' as used in [the statute] is neither unconstitutionally overbroad of vague." *United States v. Shotts*, 145 F.3d 1289, 1300 (11th Cir. 1988) (citation omitted). The Eleventh Circuit rejected the argument that the statute "criminalizes persuasion and is, therefore, an impermissible regulation of protected speech." *Id.* (citation omitted). Consistent with the Second Circuit, the Eleventh Circuit recognized that the statute "does not prohibit persuasion, but only that which is 'corrupt.' By targeting only such persuasion as is 'corrupt,' [the statute] clearly limits only constitutionally unprotected speech, and is not, therefore, overbroad." *Id.* (citations omitted).

### Influence

Influence, which is one of the possible goals for someone prosecuted under this statute, has a commonly understood meaning, which includes "to affect or alter by indirect or intangible means" or "to have an effect on the condition or development of." *Influence*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/influence (last visited Sept. 27, 2023). In the state of Washington, a law prohibiting one from attempting to influence a ruling from a judge was not overbroad because, although the statute might criminalize "many protected acts," the statute was "narrowly tailored to meet its compelling government purpose." *State v. Knowles*, 91 Wash. App. 367, 379-80 (1998).

### Section 9-305 of the Criminal Law Article

Each of the four terms that Mr. Schiff challenges are commonly understood. None of them impact First Amendment rights because threats, intimidation, corrupt means, and influence—when done in relation to a jury, witness, or officer of the court "*in the*

10

*performance of the persons' official duties*," see Crim. Law § 9-305 (emphasis added)—is not protected speech. Several state and federal laws have similar prohibitions that are not constitutionally problematic. *See, e.g.*, 18 U.S.C. § 1503(a) ("Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, . . . or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice . . . ."); *United States v. Milk*, 66 F.4th 1121, 1134 (8th Cir. 2023) (holding that someone prosecuted under 18 U.S.C. § 1503 "failed to make any colorable showing that the First Amendment shields such speech.").

As a facial challenge, Mr. Schiff's claim must fail as a matter of law because the law makes illegal very little, if any, constitutionally protected speech and overwhelmingly criminalizes that which—if established—is "far removed from values of persuasion, dialogue, and free exchange of ideas that would support protecting speech." *Rovin*, 2023 WL at *25. It it narrowly tailored to target matters that could impact the fair administration of justice, in that applies to jurors, witnesses, and officers of the court "in the performance of the persons' official duties." Crim. Law § 9-305. Certainly, Mr. Schiff cannot establish "that no set of circumstances exists under which the Act would be valid, i.e., that the law is unconstitutional in all of its applications." *Washington State Grange*, 552 U.S. at 449. The statute is "is surely valid 'in the vast majority of its intended applications,'" *see Hill*,

11

530 U.S. at 733 (citations omitted), and this Court should dismiss Mr. Schiff's claim with prejudice.

### III. MR. SCHIFF'S FACIAL CHALLENGE TO THE STATUTE AS BEING VAGUE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT, MUST FAIL BECAUSE THE TERMS ARE SUPPORTED BY CASE LAW AND COMMON SENSE.

Mr. Schiff argues that the terms "corrupt means" and "influence" are vague in such a way as to violate the Due Process Clause of the Fourteenth Amendment. ECF 1, ¶¶ 24-29, 30-34, 39.

Words in statutes are not required to be defined by statute, *see* ECF 1, ¶ 22, because "the meaning of the words used to describe the [impermissible] conduct can be ascertained fairly by reference to judicial decisions, common law, dictionaries, and the words themselves because they possess a common and generally accepted meaning." *United States v. Persing*, 318 Fed. Appx. 152, 154 (4th Cir. 2008) (quoting *United States v. Eckhardt*, 466 F.3d 938, 943-44 (11th Cir. 2006)).

"To survive a vagueness challenge, a statute must give a person of ordinary intelligence adequate notice of what conduct is prohibited and must include sufficient standards to prevent arbitrary and discriminatory enforcement." *Manning v. Caldwell*, 930 F.3d 264, 272 (4th Cir. 2019). Statutes do not require "meticulous specificity" to avoid being void for vagueness; instead, there is room for "flexibility and reasonable breadth." *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972) (internal citations and quotations omitted). Because Mr. Schiff asserts a facial challenge, Mr. Schiff "must 'establish that no set of circumstances exists under which the [law] would be valid,' or show that the law

lacks 'a plainly legitimate sweep[.]'" *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2387 (2021) (citations omitted). As the Fourth Circuit has recognized, "the vagueness and overbreadth doctrines are often functionally indistinguishable." *Walker v. Dillard*, 523 F.2d 3, 5 n.6 (4th Cir. 1975).

### Corrupt Means

"Corrupt means" is not a vague term. "Corrupt means" has been held by Maryland courts to mean "'acting with corrupt intent,' including what may seem otherwise benevolent or lawful actions but done with the intent 'to preclude another person from testifying.'" *Matter of McCloy*, 257 Md. App. at 695-96 (quoting *Wilson*, 471 Md. at 168).

Mr. Schiff argues it is vague by positing a scenario whereby someone could violate the law for marrying a witness to invoke spousal immunity. ECF 1, ¶¶ 26-28. But Mr. Schiff's exact scenario was decided by the Supreme Court of Maryland. The Supreme Court of Maryland said, "[w]e conclude that the use of corrupt means involves acting with corrupt intent; *i.e.*, a person uses corrupt means by marrying with the intent to preclude another person from testifying at a criminal proceeding, even through the conduct involved—entering into a marriage—is otherwise lawful." *Wilson*, 471 Md. at 168. The Supreme Court of Maryland recognized that its holding was supported by federal appellate courts, including a Second Circuit decision, which recognized that "although it is lawful for a government witness to invoke the privilege against self-incrimination, it is obstruction of justice for a defendant with a corrupt motive, to advise a government witness to invoke

13

the privilege."[2]  *Id.* at 169 (citing *United States v. Cioffi*, 493 F.2d 1111, 1119 (1974)). This alone is proof of a scenario where the statute is lawful, thus defeating Mr. Schiff's facial challenge.  A person of ordinary intelligence has sufficient notice of what it means to act with corrupt means.  It is supported by State and federal case law, common sense, and—as a result—Mr. Schiff's claim should be dismissed with prejudice.

**Influence**

As noted above, "influence" has a commonly understood definition making it understandable to a person of ordinary intelligence.  *Influence*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/influence (last visited Sept. 27, 2023).  Indeed, it is likely the most commonly understood term among those challenged by Mr. Schiff.  Absent advocating for your own case, it is long established that it is unlawful to influence a juror, witness, or officer of the court performing their official duties in unrelated matters.  *Sheppard v. Maxwell*, 384 U.S. 333, 351 (1966) (our justice system requires "that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside *influence* . . . ." (emphasis added) (internal citation and quotation omitted)).  Like Mr. Schiff's challenge to "corrupt means," his facial challenge here also fails because there are circumstances where the law is plainly valid, making it fatal to his claim.  A person of ordinary intelligence would understand what it

---

[2] As noted above, the Eleventh Circuit agreed with the Second Circuit that the term "corrupt" is not vague.  *Shotts*, 145 F.3d at 1300

means to "influence" a juror, witness, or officer of the court with respect to their official duties. As a result, Mr. Schiff's claim should be dismissed with prejudice.

### IV. MR. SCHIFF CANNOT STATE A CLAIM CLAIM UPON WHICH RELIEF CAN BE GRANTED, NOR A FACIAL CHALLENGE TO THE STATUTE'S INCLUSION OF COURT OFFICIALS IN COURTS OF THE UNITED STATES.

Mr. Schiff's final claim is styled as being "jurisdictionally invalid." ECF 1, pp. 11-12. Although it is unclear whether such a claim even exists,[3] the crux of his argument appears to be that the State cannot prosecute this crime if it involves a federal court officer who resides in Maryland, but whose courthouse is physically located outside of Maryland's borders. ECF 1, ¶¶ 35-38.

Mr. Schiff is pursuing a facial challenge to the law, which requires him to establish, among other things, that "no set of circumstances exists under which the Act would be valid, i.e., that the law is unconstitutional in all of its applications." *Washington State Grange*, 552 U.S. at 449. But Mr. Schiff proceeds to explain a circumstance that he alleges is constitutional; namely, he claims it is constitutional as to officers of the court in "the federal District of Maryland." ECF 1, ¶ 35; *see also* ECF 1, ¶ 37, 38 (indicating it would be constitutional if it specified "United States courts which are located in the Maryland state jurisdiction of Maryland.")

Mr. Schiff's interpretation of the statute will not determine whether it is constitutional or not  But the nature of his claim coupled with an assertion that would defeat

---

[3] It is unclear, among other things, what the claim is, what its elements would be, and what damages might be available. As a result, it should be dismissed for violating Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted.

it highlights why facial challenges are disfavored. It can "'often rest on speculation,' can lead courts unnecessarily to anticipate constitutional questions or formulate broad constitutional rules, and may prevent government officers from implementing laws 'in a manner consistent with the Constitution.'" *Fusaro*, 19 F.4th at 373 (quoting *Washington State Grange*, 552 U.S. at 450-51).

More broadly, the suggestion that a state is powerless to criminalize behavior that threatens the fair administration of justice—whether in state or federal court—when the crime occurs within the state's borders simply because the victim is an officer of an out-of-state federal court is absurd. If a witness is threatened on the streets of Baltimore to influence testimony before a federal grand jury, then Maryland law can be enforced to prosecute that criminal activity. The law is not "unconstitutional in all of its applications," *Washington State Grange*, 552 U.S. at 449, and Mr. Schiff's claim should be dismissed.

## CONCLUSION

Defendant's motion to dismiss should be granted.

Respectfully submitted,

/s/ James N. Lewis

_____
JAMES N. LEWIS
Federal Bar No. 30220
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
jlewis@oag.state.md.us
(410) 576-7005
(410) 576-6955 (facsimile)

September 27, 2023                                    Attorneys for Defendant