IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GRAHAM SCHIFF,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 1:23-cv-01376-JMC |
| **ANTHONY BROWN, ATTORNEY GENERAL OF MARYLAND**, | * | |
| | * | |
| *Defendant.* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On May 22, 2023, *pro se* Plaintiff Graham Schiff filed the present lawsuit alleging that Md. Code Ann., Crim. Law § 9-305 is "facially overbroad in violation of first amendment free speech, facially vague in violation of the 14th amendment's due process clause, and also in violation of jurisdictional due process." (ECF No. 1 at p. 7).[1] Presently before the Court is Defendant's, Anthony Brown in his official capacity as the Attorney General for the State of Maryland, Motion to Dismiss Plaintiff's Complaint (the "Motion"). (ECF No. 20). Plaintiff did not respond to the Motion, and it is therefore unopposed. *See* Loc. R. 105.2 (D. Md. 2023).[2] Thus, the Court has considered only the Motion and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendant's Motion will be **GRANTED**.

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

[2] The Court sent Plaintiff a notice on September 28, 2023, notifying Plaintiff that the Motion had been filed and that Plaintiff had the right to file a response within twenty-eight (28) days therefrom, an additional fourteen days beyond the normal briefing schedule permitted by the Local Rules. *See* (ECF No. 21); Loc. R. 105.2 (D. Md. 2023). Despite this warning, Plaintiff failed to respond to the Motion despite the notice's alert that failure to respond could result in dismissal of Plaintiff's Complaint. (ECF No. 21 at p. 1). There is also no indication that the notice was returned undeliverable to Plaintiff or that the notice otherwise failed to reach Plaintiff.

I. **BACKGROUND**

Plaintiff was allegedly arrested unlawfully in October 2022 pursuant to Md. Code Ann., Crim. Law § 9-305 "due to a statement he made to the wife of Supreme Court Justice Brett Kavanaugh." (ECF No. 1 at p. 7).[3] Specifically, Plaintiff avers that he was arrested for stating that "he might ruin J. Kavanaugh's 'career and reputation.'" *Id.* The case was later dismissed, but Plaintiff asserts that he now has grounds to sue the Kavanaughs "for various torts related to abuse of court process and free speech retaliation." *Id.* Plaintiff "would like to freely opine to the Kavanaughs, his opinions on how such a potential suit would further harm Kavanaugh's career and reputation," but is currently self-censoring himself out of fear of the Kavanaughs "using [the statute] to retaliate against him once again." *Id.* Plaintiff submits that "This is also affecting his pro se effective counsel rights" because Plaintiff's effective representation of himself is hindered by his inability to contact the Kavanaughs. *Id.* Accordingly, Plaintiff contends that § 9-305 is (1) "facially overbroad in violation of first amendment free speech"; (2) "unconstitutionally vague in violation of 14th amendment due process"; and (3) "jurisdictionally unconstitutional for referencing United States court." *Id.* at 12. Either in addition to or in the alternative to a declaratory judgment in support of the above, Plaintiff also seeks an injunction ordering the State of Maryland to "alter this law to be constitutional under federal law" and/or "an injunction allowing [Plaintiff] to hire private counsel at the expense of the state, in order to handle his civil tort claims against Justice Kavanaugh." *Id.*

II. **LEGAL STANDARD**

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the

---

[3] At the motion to dismiss stage, the Court "accept[s] as true all well-pleaded facts and construe[s] them in the light most favorable to the plaintiff." *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 268 (4th Cir. 2022).

applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotations omitted). To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations are not required, but a plaintiff must provide the grounds of his entitlement to relief," which requires "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)) (internal quotations omitted). In considering a motion to dismiss, "the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole." *Humphrey v. Nat'l Flood Ins. Program*, 885 F.Supp. 133, 136 (D. Md. 1995) (internal citations omitted). The Court must also construe the facts and reasonable inferences from the facts in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see also Petry*, 597 F. Supp. 2d at 562 ("Once a claim has been stated adequately . . . it may be supported by showing any set of facts consistent with the allegations in the complaint.") (quoting *Twombly*, 550 U.S. at 546).

Where, as here, the non-moving party "fails to oppose a motion to dismiss, a district court is entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted in the motion." *White v. Wal Mart Stores, Inc.*, No. ELH-13-00031, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014) (quotation omitted). But "To be sure, a plaintiff's failure to oppose a motion to dismiss is no guarantee of victory for the defendant, because the district court also has discretion to decline to 'grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit.'" *Id.* (citing *United States v. Sasscer*, No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000)).

"A facial challenge . . . is premised on the contention that a statute is unconstitutional on its face, regardless of its application to the plaintiff." *Schiff v. Brown*, No. CV DKC 23-338, 2023 WL 6878968, at *6 (D. Md. Oct. 18, 2023).[4]  "A plaintiff can only succeed in a facial challenge by 'establish[ing] that no set of circumstances exists under which the Act would be valid,' *i.e.*, that the law is unconstitutional in all of its applications." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (quoting *United States v. Salerno*, 481 U.S. 739 (1987)); *see also Salerno*, 481 U.S. at 745 ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."). Specific to Plaintiff's First Amendment claim, the Fourth Circuit has previously opined that,

> In the First Amendment context, there are two ways for a plaintiff to mount a facial challenge to a statute.  First, the plaintiff may demonstrate that no set of circumstances exists under which [the law] would be valid, or that the [law] lacks any plainly legitimate sweep.  Second, the plaintiff may show that the law is overbroad [because] a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.

*Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 282 (4th Cir. 2013). Regarding vagueness, "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand

---

[4] As this citation suggests, this is not Plaintiff's first appearance before the Court.  Rather, Plaintiff has filed numerous lawsuits against various State of Maryland officials and agencies for a range of alleged constitutional and civil rights violations.  Notably, nearly all those cases have been dismissed by this Court in their entirety and Plaintiff has appealed nearly all of those decisions to the Fourth Circuit (all of which have been affirmed thus far). *See, e.g., Schiff v. Brown*, No. 23-cv-00209-SAG, ECF Nos. 5, 6, 9; *Schiff v. Clark-Edwards et al.*, No. 23-cv-00822-ELH, ECF Nos. 8, 9, 12; *Schiff v. Robinson*, No. 22-cv-00542-GLR, ECF Nos. 3, 6, 12; *Schiff v. Attorney General of Maryland et al.*, No. 22-cv-03383-JKB, ECF No. 8; *Schiff v. Brown et al.*, No. 23-cv-00338-DLC, ECF Nos. 47, 50.; *Schiff v. Malagari et al.*, No. 21-cv-02448-DLB, ECF Nos. 13, 15, 19; *Schiff v. Bonifant et al.*, No. 23-cv-01563-PJM, ECF No. 5; *Schiff v. Frosh et al.*, No. 22-cv-00513-GJH, ECF No. 4; *Schiff v. Lee et al.*, No. 23-cv-00351-JMC, ECF No. 8.

what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Thus,

> In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications.

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 496 (1982).

### III. ANALYSIS

#### A. Plaintiff has Not Plausibly Alleged that Section 9-305 is Facially Overbroad in Violation of the First Amendment.

Plaintiff first alleges that § 9-305 is unconstitutionally overbroad and therefore violates the First Amendment. Md. Code Ann., Crim. Law § 9-305 provides, in pertinent part:

(a) A person may not, by threat, force, or corrupt means, try to influence, intimidate, or impede a juror, a witness, or an officer of a court of the State or of the United States in the performance of the person's official duties.

(b) A person may not solicit another person to, by threat, force, or corrupt means, try to influence, intimidate, or impede a juror, a witness, or an officer of the court of the State or of the United States in the performance of the person's official duties.

Plaintiff first alleges that "The use of the words and phrase 'threat', 'corrupt means', 'influence', 'intimidate', and [officer of a] United States court, is all language which either needs to be amended or removed, in order to not render it facially overbroad, or otherwise unconstitutional . . . ." (ECF No. 1 at p. 8). Defendant responds that "Mr. Schiff fails to state a claim because the words that he targets in his lawsuit are not protected by the First Amendment." (ECF No. 20-1 at p. 6). Defendant is correct.

5

The United States Supreme Court has explained:

> According to our First Amendment overbreadth doctrine, a statute is facially invalid if it prohibits a substantial amount of protected speech. The doctrine seeks to strike a balance between competing social costs. On the one hand, the threat of enforcement of an overbroad law deters people from engaging in constitutionally protected speech, inhibiting the free exchange of ideas. On the other hand, invalidating a law that in some of its applications is perfectly constitutional— particularly a law directed at conduct so antisocial that it has been made criminal— has obvious harmful effects. In order to maintain an appropriate balance, we have vigorously enforced the requirement that a statute's overbreadth be substantial, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep. Invalidation for overbreadth is strong medicine that is not to be casually employed.

*United States v. Williams*, 553 U.S. 285, 293 (2008) (quotations and citations omitted). Section 9-305 is not facially invalid because it does not prohibit a substantial amount of protected speech. Threats are not protected speech under the First Amendment. *See Feminist Majority Found. v. Hurley*, 911 F.3d 674, 691 (4th Cir. 2018) ("The Supreme Court and our Court have consistently recognized the principle that threatening speech is not protected by the Constitution."); *Wood v. Arnols*, 321 F. Supp. 3d 565, 580 (D. Md. 2018) ("Not all speech is protected speech, and the narrowly limited classes of speech that remain unprotected include true threats."); *Watts v. United States*, 394 U.S. 705, 707 (1969). Nor is intimidation. *See Virginia v. Black*, 538 U.S. 343, 360 (2003) ("Intimidation in the constitutionally proscribable sense of the word is a type of true threat . . . ."); *see also United States v. Hicks*, 980 F.2d 963, 971 (5th Cir. 1992) (affirming constitutionality of statute prohibiting "intimidating" members of a flight crew in the performance of their duties in part because "Only intimidating speech in a quite limited context is proscribed" and thus "The content of passengers' speech is [] regulated only in an incidental fashion").

Moreover, "A prohibition against corrupt acts does not proscribe constitutionally protected speech and is clearly limited to unprotected activity." *United States v. Brenson*, 104 F.3d 1267, 1280 n.6 (11th Cir. 1997) (citing *United States v. Thompson*, 76 F.3d 442, 452 (2d Cir. 1996)).

6

And with regard to § 9-305's use of the word "influence," perhaps merely influencing another individual is protected speech. But § 9-305 does not simply prohibit influencing others; it prohibits influencing a juror, witness, or court officer "in the performance of the persons' official duties" by improper means, which the Supreme Court has previously recognized is not permitted by the First Amendment. *See Pennekamp v. Florida*, 328 U.S. 331, 366 (1946) (Frankfurter, J., concurring) ("In securing freedom of speech, the Constitution hardly meant to create the right to influence judges and juries. That is no more freedom of speech than stuffing a ballot box is an exercise of the right to vote."); *Sheppard v. Maxwell*, 384 U.S. 333, 362 (1966) ("Due process requires that the accused receive a trial by an impartial jury free from outside influences."). The Supreme Court has recognized the validity of prohibiting impermissibly influencing judicial proceedings for at least the last century. *See Patterson v. State of Colo. ex rel. Att'y Gen.*, 205 U.S. 454, 462 (1907) ("The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print."). Even the Appellate Court of Maryland has noted—in the face of similar challenges to § 9-305—that "attempts to undermine the jury process through threats or other means are far removed from the values of persuasion, dialogue, and free exchange of ideas that would support protecting speech." *Rovin v. State*, No. 198, Sept. Term, 2022, 2023 WL 4855950, at *25 (Md. Ct. Spec. App. July 31, 2023), *cert. granted*, No. 165, Sept. Term, 2023, 2023 WL 7309334 (Md. Oct. 23, 2023).[5]

---

[5] To be clear, the Appellant in *Rovin* challenged § 9-305 on the grounds that it violates Article 40 of the Maryland Declaration of Rights, which states "That the liberty of the press ought to be inviolably preserved; that every citizen of the State ought to be allowed to speak, write and publish his sentiments on all subjects, being responsible for the abuse of that privilege." *Rovin*, 2023 WL 4855950 at *6 n.19; *see also Sammons v. McCarthy*, 606 F. Supp. 3d 165, 199 (D. Md. 2022) ("Article 40 of the Maryland Declaration of Rights is Maryland's constitutional counterpart to the provisions for freedom of speech and freedom of the press contained in the First Amendment. The Maryland Court of Appeals has said that courts ordinarily need not consider Article 40 and the First Amendment separately as Article 40 is read generally *in pari materiai* with the First Amendment.") (quotation omitted).

Even if the words Plaintiff takes issue with encompassed forms of protected speech, Plaintiff does not plausibly allege that § 9-305 *substantially* impacts those forms of protected speech, especially considering § 9-305's legitimate sweep. Section 9-305 has the plainly legitimate sweep of prohibiting the impermissible tampering of judicial proceedings by impeding a juror, witness, or court officer in the performance of their duties. The statute does not criminalize the above forms of speech in a vacuum; rather, it operates to protect individuals and institutions from attacks on the integrity and orderly administration of judicial proceedings in the very specific context of witnesses, jurors, and court officers performing their official duties during judicial proceedings. So even assuming *arguendo* that Plaintiff is correct that the statute's inclusion of the words "threat," "intimidation," "corrupt means," and "influence" may impact some constitutionally protected free speech, prohibiting such speech has a plainly legitimate sweep in the specific context in which it operates. Nor does Plaintiff advocate that there are no circumstances under which § 9-305 would be valid. In fact, Plaintiff even concedes this point by providing examples of conduct that Plaintiff notes would violate § 9-305 without raising constitutional eyebrows. *See* (ECF No. 1 at p. 10). Thus, the Court cannot conclude that Defendant's arguments on this issue are "plainly lacking in merit" and Plaintiff has failed to plausibly allege that § 9-305 is unconstitutional on its face for being facially overbroad in violation of the First Amendment. *White*, 2014 WL 1369609 at *2.[6]

---

[6] Plaintiff's claim regarding the unconstitutionality of § 9-305's inclusion of United States court officers is framed exclusively as a jurisdictional challenge in violation of due process, so the Court will address the use of that phrase accordingly *infra*.

B. <u>Plaintiff has Not Plausibly Alleged that Section 9-305 is Overbroad in Violation of the Fourteenth Amendment.</u>

Similar to the standard under which Plaintiff's First Amendment challenge must be analyzed, "To succeed [on challenging a law as unduly vague], the complainant must demonstrate that the law is impermissibly vague in *all of its applications*." *Village of Hoffman Estates*, 455 U.S. at 497 (emphasis added); *see also Kolender v. Lawson*, 461 U.S. 352, 358 n.8 (1983) ("[W]e have traditionally viewed vagueness and overbreadth as logically related and similar doctrines."). "To survive a vagueness challenge [under the Due Process Clause of the Fifth and Fourteenth Amendments], a statute must give a person of ordinary intelligence adequate notice of what conduct is prohibited and must include sufficient standards to prevent arbitrary and discriminatory enforcement." *Manning v. Caldwell for City of Roanoke*, 930 F.3d 264, 272 (4th Cir. 2019) (citing *Papachristou v. City of Jacksonville*, 405 U.S. 156, 160 (1972)).

Plaintiff's vagueness challenge argues exclusively that the terms "corrupt means" and "influence" are unconstitutionally vague as opposed to all the terms mentioned above. *See generally* (ECF No. 1). As a preliminary matter, neither term "reaches a substantial amount of constitutionally protected conduct" because both terms are not forms of protected speech in the specific context of impacting court proceedings for the reasons discussed above. *Village of Hoffman Estates*, 455 U.S. at 496. Nevertheless, Plaintiff has not alleged that either term is impermissibly vague in *all* of its applications or that the statute is insufficiently vague as to provide for arbitrary and discriminatory enforcement. Again, Plaintiff concedes as much in his Complaint by highlighting situations in which criminal punishment under § 9-305 would be warranted, such as a criminal defendant marrying a state's witness while incarcerated for the purpose of trial tampering. (ECF No. 1 at p. 10). Coincidentally, Maryland courts have expressly analyzed this exact situation and likewise concluded that marrying a potential witness with the intent to invoke

9

spousal privilege constitutes "corrupt means" under § 9-305.  In *State v. Wilson*, the defendant was convicted for witness tampering and obstruction of justice in violation of § 9-305.  471 Md. 136, 143 (2020).  In affirming the defendant's conviction thereunder, the court expressly opined that "federal appellate case law supports the conclusion that engaging in otherwise lawful conduct with the intent of trying to preclude a witness for the State from testifying at an upcoming criminal trial [by virtue of marrying that witness] may constitute corrupt means under the witness tampering and obstruction of justice statutes."  *Id.* at 167–68.  Moreover, the court also noted that "the use of corrupt means" under § 9-305 "involves acting with criminal intent."  *Id.* at 168.  Thus, not only does Plaintiff demonstrate himself that there is an obvious permissible application of the phrase "corrupt means" under § 9-305, but he also highlights that relevant case law applying § 9-305 provides notice of what conduct is prohibited thereunder.  *See United States v. Persing*, 318 F. App'x 152, 154 (4th Cir. 2008) (affirming rejection of vagueness and overbroad challenge because "the meaning of the words used to describe the [impermissible] conduct can be ascertained fairly by reference to judicial decisions, common law, dictionaries, and the words themselves because they possess a common and generally accepted meaning").

  Plaintiff's challenge to the vagueness of the word "influence" likewise fails to pass muster. Section 9-305 does not simply prohibit influencing a witness, juror, or court officer.  If it did, then the statute would almost surely encroach on otherwise permissible conduct and invite arbitrary enforcement ranging from persuading jurors during a closing argument to attempting to convince an off-duty court official that their favorite sports team will lose an upcoming matchup.  But § 9-305 goes beyond such a vague standard by (1) specifically outlawing influencing a witness, juror, or court official in the performance of their official duties (2) through threats, force, or corrupt

means.[7]  The Supreme Court has regularly affirmed the importance of preventing impermissible influences from impacting judicial proceedings, and Plaintiff has not set forth plausible arguments demonstrating that § 9-305 is problematic in *all of its applications* such that Plaintiff's claim may be allowed to proceed.  *See Pennekamp*, 328 U.S. at 366; *Sheppard*, 384 U.S. at 362; *Patterson*, 205 U.S. at 462.

### C. Plaintiff has Not Plausibly Alleged that Section 9-305 is Jurisdictionally Invalid on its Face in Violation of Due Process.

The Court is left to speculate regarding the exact nature of Plaintiff's final claim for relief. Specifically, Plaintiff argues that

> A few years ago, this law was amended to include federal court officers.  If it stated that it only applied to federal court officers within the jurisdiction of Maryland Courts, then it would be constitutional.  However, without that being specified, that provision is plainly unconstitutional on due process grounds, because a MD State court does not have jurisdiction to prosecute someone for attempting to tamper with a US Court, outside of the federal District of Maryland.
>
> When Schiff was charged for his non-threat directed at Brett Kavanaugh, it was in relation to his official duties as a federal court officer, not in MD, but in Washington DC.  While Schiff and Kavanaugh are both residents of Montgomery County, Kavanaugh's judicial jurisdiction is limited to Washington, DC, at the Supreme Court.
>
> The State of MD does not have grounds to prosecute someone who while residing in MD, attempts to tamper with a federal court outside of MD.  Even if it were related to the Fourth Circuit, which oversees MD, it would still be plainly unconstitutional, because of its location in Virginia.

(ECF No. 1 at pp. 11–12).  Plaintiff does not explain the legal basis underlying this contention other than asserting that it violates due process.  As Defendant points out, "the crux of [Plaintiff's]

---

[7] Plaintiff's Complaint further demonstrates this point.  For instance, Plaintiff argues that "Influencing witnesses, jurors, and court officers is essentially the basic element of law" and that "a defendant could [hypothetically] be prosecuted under this law, for speech directed at court officers, with the intent to have their case dismissed."  (ECF No. 1 at p. 11).  Plaintiff's first contention is true, but not the second.  Section 9-305 does not blanketly prohibit advocating for one's cause of action; rather, it prohibits doing so by use of threats, force, or corrupt means in the performance of a witness, juror, or court officer's official duties.

argument appears to be that the State cannot prosecute this crime if it involves a federal court officer who resides in Maryland, but whose courthouse is physically located outside of Maryland's borders." (ECF No. 20-1 at p. 15).

As a preliminary matter, Plaintiff's challenge fails because, similar to the provisions discussed above, he does not allege that there is no set of circumstances under which this provision would be constitutional or that it lacks a plainly legitimate sweep. *See United States v. Stevens*, 559 U.S. 460, 472 (2010) ("To succeed in a typical facial attack, [Plaintiff] would have to establish 'that no set of circumstances exists under which [the contested law] would be valid,' or that the statute lacks any 'plainly legitimate sweep.'") (first quoting *Salerno*, 481 U.S. at 745, then quoting *Washington v. Glucksberg*, 521 U.S. 702, 740 n.7 (1997) (Stevens, J., concurring)). In fact, Plaintiff himself explains that § 9-305 would be constitutional as applied to officers of courts in the "federal District of Maryland." (ECF No. 1 at p. 11). Moreover, "the general rule under [Maryland] common law is that a state has territorial jurisdiction over a defendant when the crime is committed within the State's 'territorial limits.'" *Khalifa v. State*, 382 Md. 400, 421 (2004) (quoting *State v. Cain*, 360 Md. 205, 212 (2000)). Plaintiff provides no authority or legal basis for the proposition that Maryland cannot prosecute a criminal act occurring within its own borders simply because the victim of that criminal act is an official of a court in a neighboring state. Rather, prosecutions under § 9-305 have the plainly legitimate sweep of criminalizing unlawful conduct occurring within Maryland that impermissibly impacts judicial proceedings. It would follow from Plaintiff's interpretation of Maryland's authority to prosecute crimes occurring within its borders that, for example, Maryland could not prosecute crimes occurring therein if the individual protected by a criminal statute is employed or resides in another state. Plaintiff's Complaint provides no authority for such an untenable position. Nor does Plaintiff provide any support for

the notion that Justice Kavanaugh's judicial jurisdiction somehow impacts the State of Maryland's jurisdiction to punish criminal activity occurring within its borders. Thus, the Court cannot conclude that Defendant's Motion is "plainly lacking in merit," especially considering that Plaintiff chose not to set forth a legal basis for this argument in opposition to the Motion, and Plaintiff's Complaint must therefore be dismissed. *White*, 2014 WL 1369609 at *2.

### IV. CONCLUSION

For the reasons stated above, Defendant's unopposed Motion to Dismiss Plaintiff's Complaint (ECF No. 20) is hereby **GRANTED**. The Clerk of the Court is politely directed to close the case.

Date: November 20, 2023                             /s/
                                                                            J. Mark Coulson
                                                                            United States Magistrate Judge